## BROOKS *vs.* PAGE.

A note payable in specifick articles may be declared on as a specialty, or promissory note, under the 3d and 4th of Anne. The plaintiff is not required to state in his declaration a consideration, nor to produce evidence on trial to prove a consideration, except to rebut evidence, produced on the part of the defendant to prove a want of consideration. But, it is necessary for the plaintiff, to make all other averments, as in a declaration on a verbal contract.

In a declaration on a note for the payment of $100 27 at the defendant's dwelling house in Middlebury, on the 1st day of June, 1812, in horses, to be appraised by three men, the plaintiff averred, that the defendant had not performed, though often requested, to wit, at Middlebury, on the 1st day of June, 1812. The Court held that this did not amount to an averment, that the defendant was at the dwelling house of the defendant in Middlebury on the 1st day of June, 1812, ready to receive payment.

THIS was an action of *assumpsit* on a note. The declaration is " In a plea of the case for this, to wit, that whereas the defendant, at Middlebury in the County of Addison aforesaid, on the 20th day of December, 1811, did make, execute and deliver to the plaintiff his certain note in writing, commonly called a promissory note, subscribed with the proper hand of him the defendant, in and by which the defendant promised the plaintiff, for value received, to pay him the sum of $100 27, at his the defendant's dwelling house

*Addison,*
January,
1815.

Brooks
*vs.*
Page.

in Middlebury, on the 1st day of June, 1812, in horses, to be appraised by three men. Wherefore the defendant became, was and is liable in law to pay to the plaintiff the said sum of money in said note specified, according to the tenor of said note; and so being liable as aforesaid, did in consideration thereof, to wit, at Middlebury aforesaid, on the 20th day of December, 1811, aforesaid, assume upon himself and to the plaintiff faithfully promise to pay to him the said sum of money in the said note specified, according to the tenor of said note. Nevertheless, the defendant, his promise and assumption aforesaid not regarding, hath not performed the same, though often requested, to wit, at Middlebury, on the first day of June, 1812."

The defendant demurred to the declaration.

*D. Chipman,* in support of the demurrer, contended, that the writing on which the plaintiff in this case has declared, is not known in law as a promissory note. Promissory notes must be for the payment of money only; they were introduced by the statute of the 3d and 4th of Anne; but that statute extends to notes for the payment of money only. Under that statute, the present mode of declaring on them was introduced, in which the acknowledgement of value received, is considered equivalent to an acknowledgement of a sufficient indebtedness, inducing a liability on which to raise a promise. It does not extend to other written agreements, although drawn in the shape of promissory notes, for value received. Such agreement must be declared on as a special *assumpsit,* and the consideration and express promise must be set forth. The law does not in this case raise a promise, on an implied liability arising from a general consideration, but from the actual and specifick consideration passing between the parties. But if this mode of declaring on such written agreements be permitted, the declaration must contain all the averments necessary in a special *assumpsit,* for the same cause. The agreement here is for the prformance of a collateral act, and not for the payment of money; for the delivery of horses, at a certain time and place, to a certain value to be ascertained by appraisement. The plaintiff should have averred that he was ready at time and place to receive the horses, if not to agree on the appraisers who are not named in the agreement. The plaintiff must aver every thing necessary to be done on his part. 1 East.

*Addison,*
*January,*
*1815*

Brooks
*vs.*
Page.

Rep. 203, Laughton *vs.* Johnson.   7 T. R. 125, Morton *vs.* Lamb. 1 Chit. 304.

*Edmond,* for the plaintiff, contended that such written agreements for value received, had in this State, always been considered as promissory notes, and declared upon as such, and the present declaration is in the usual form of declarations on such notes ; that this is, in effect, a note for the payment of money, and is so expressed, although the maker is indulged in making payment in horses. If the horses are not delivered, the sum of money therein expressed, is the real demand of the plaintiff, the debt owing by the defendant. Had the declaration set forth the consideration, and the promise to deliver the horses, as on a special contract, all the averment necessary would have been that the plaintiff was ready on his part at the time and place to receive the horses, and this is substantially though not formally set forth in the declaration.   It is contained in the declaration, that on the first day of June, 1812, the day on which payment was to be made, at Middlebury where payment was to be made in horses, the defendant was requested to perform his promise as expressed in the note.   Now if the plaintiff made the demand of the defendant, it is conclusive that he was present ready on his part to receive the payment.

CHIPMAN, Ch. J. delivered the opinion of the Court..

The form of the declaration on note was first introduced into our Courts from the practice in Connecticut.   It was, and I believe still is the practice in that State to declare on a note of hand as on a specialty, and to make a profert of the note.   After setting forth the date of the note, the declaration expresses the cause of action as concisely as on bond—in and by which said note, the defendant promised the plaintiff, for value received, to pay to him, if for money, if for some collateral act or thing—to deliver, do or perform according to the contract expressed in the note ; concluding with a breach of promise, either general or special, and such averments as the nature of the case requires.   The promise is stated as made expressly on the general consideration for value received—no liability or promise in law is raised, and no distinction is made between notes for money and those payable in specifick articles.

The principal—perhaps the only objection to this mode is,  that

*Addison,*
January,
1815

Brooks
*vs.*
Page.

It departs, in a degree, from analogy, and, the application of principles and precedents is some times less obvious.  From this consideration, or perhaps for the convenience of deriving practical forms from the same source from which have been derived the maxims, principles and precedents of our law, and the rules by which they are applied to the decision of cases as they arise, the English form of declarations on promissory notes has been pretty generally adopted in our Courts; but without regarding the distinction made by the English law between promissory and other notes; nor did the English lawyers attend fully to this distinction.  Promissory notes embraced in the 3d and 4th of Anne, are such only as are made payable to order or bearer, and for money : such notes are put on the footing of inland Bills of Exchange, and the declaration was framed, as will be easily seen, on that analogy, the same analogy was extended to notes not payable to order or bearer, and consequently, not within the statute of Anne, provided they were payable in money only.  With us, the analogy has been farther extended, to all contracts in the form of promissory notes, whether for the payment of money, or for any other act or thing, or in other words, to those notes which in the English law are considered special contracts, and declared on as such.  In supposing an indebtedness in order to raise a liability and promise, as it relates to this latter class of notes, there may be a technical impropriety; for in a technical, legal sense, at this day, a man is holden to be indebted for nothing but money.  It was not so however by the ancient law; an action of debt was the most usual action on an agreement to pay or deliver any thing specifick, either in number, weight or measure, as for ten marks of silver, a quarter of wheat, ten sheep, &c.  At this day, nothing is considered as a debt, in a technical legal sense, but what is to be paid directly in money, as money is the general medium of payment.  When, therefore, one person receives any thing of value of another, as goods, &c. to be paid for thereafter, unless a special contract be proved for some other satisfaction to be made therefor, the law decides that payment shall be made in money, the general medium.  Thus if a person receive any thing of another—any thing to be paid for generally, he is, in a proper and legal sense, indebted to that other, for so much money as the thing received is worth, or so much as has been agreed by the parties.  In law and

Addison,
January,
1815.

Brooks
vs.
Page.

justice he becomes liable for the payment, and on that ground, the law presumes from the liability or obligation, a promise to pay, and hence, the action of *indebitatus assumpsit*. There is a perfect consistency through the whole : the liability is commensurate with the value of the thing, or the price agreed on    The promise which the law therefore raises is commensurate with the liability, which, in this case, the law makes the consideration of the promise.    The declaration on a promissory note was formed in analogy to the *indebitatus assumpsit ;* it differs, however, in the manner of raising the liability.—In a general *indebitatus assumpsit*, it is necessary to set forth generally, for what the defendant is indebted as for money had and received, goods sold, work and labour done, &c.    But on a promissory note it is sufficient to say, that the defendant promised for value received, which is in lieu of being indebted for money, &c. on which the liability and the promise to pay is raised.    In the *indebitatus assumpsit*, the consideration on which the indebtedness is raised, must be proved according to the allegation, whatever it be ; but in a declaration on a promissory note, the allegation for value received is deemed sufficient, nor is it necessary to prove the specifick consideration which passed to the maker of the note although a want or failure of the consideration, or an illegal consideration may be proved by the defendant.—This distinction was first introduced and supported in favour of commerce—first upon bills of exchange, and then extended to promissory notes ; for, as bills and notes supply an extensive medium of trade, and have a wide circulation, it would often be very inconvenient or even impossible in an action on a bill or note to prove the specifick consideration, on which it was given ; in almost every other respect, the action on a bill or note agrees in form and principle with the general *indebitatus assumpsit*.    We may here observe, that a bill of exchange contains no express promise between the parties, in any stage of negociation ; the promise is implied, on the value received, from the general usage which is the foundation of the common law ; it is the same with a promissory note in the hands of an indorsee or bearer, but to raise a promise by implication between the maker and payee of such note, which contains an express promise, is mere tautology and sanctioned only by custom.    When we consider the nature of a special contract, and examine the declaration on a prom-

issory note, the reason and analogy in some degree fail.  In a special contract the party does not resort to the general indebtedness or liability implied in law, as a consideration to support the promise, but relies directly on the consideration expressed in the agreement, and the express promise thereupon to deliver the particular thing or perform the particular service, with the time, place and condition as specified in the agreement, so far as it is material, for the law considers such agreement made on good consideration, as imposing an obligation to perform the promise.  This obligation is made to arise, not from any implication of law, but from the express stipulation of the party, which excludes all implication; the promise is just what is expressed in the contract—nothing more or less, and ought to be so declared upon; not in the very words of the contract, but according to their legal import.  The note in this case contains a special contract; it is not a contract for the payment of money, but for the delivery of horses, to a certain value, to be ascertained in a particular manner, by appraisement: Such is the true and legal import of the expression, "to pay $100 27 in horses."—The declaration, therefore, ought, agreeably to the English forms, to have been special, and to have set forth the consideration, at least as specially as the general *indebitatus assumpsit*, and ought also to be proved in the same manner.

*Addison*, January, 1815.

Brooks *vs.* Page.

The Court are, however, on full consideration, of opinion, that there is no more impropriety in so declaring on these instruments, than on promissory notes, so called in the English law, and, in holding the words 'value received,' adopted by the parties for that purpose, as *prima facie* proof of a good and sufficient consideration, and to supercede, in that respect, the necessity of special proof. Indeed, from the frequency of this species of notes, the same reasons of convenience ought to prevail as in the case of bills of exchange and promissory notes for money; but, as to the promise and non-performance, the declaration must be special, and contain all averments necessary in like cases on special contracts.

As to the second objection, the want of an averment that the plaintiff was ready, at the time and place of delivery, to receive the horses, it is agreed by the counsel, that such averment is necessary, in this case, and it is contended on the part of the plaintiff that this declaration contains such averment in substance, though not in

44

*Addison,*
January,
1815

Brooks
*vs.*
Page.

form, in the words following the allegation of a non-performance—
" although often thereto requested, to wit, at Middlebury aforesaid,
on the 1st day of June, 1812." The delivery or payment was to
be made at the defendant's dwelling house in Middlebury. Now
if we admit that this request is here any thing more than the gene-
ral request, which the law implies, in all cases where á debt or du-
ty is demandable, and that the plaintiff must have been present to
make such request, yet the delivery is stipulated to be made at the
defendant's dwelling house in Middlebury; but this request may as
well be taken to have been made at any other place in Middlebury,
as at the defendant's dwelling house. This might have been good
after verdict, but is not so on demurrer.

Judgment for the defendant.