CHITTENDEN,
January,
1835

ISAAC HITCHCOCK *vs.* GERMAIN CLOUTIER.

No particular form of words is necessary to constitute a promissory note.

A contract in the Province of Canada, acknowledged before a notary, does not become a debt of record, so that assumpsit cannot be maintained thereon.

The declaration in this case consisted of five counts.

1. Upon a recognizance taken and acknowledged before two notaries.

2. Upon an agreement to pay £31 4s 0d; equal to $124 80.

3. Upon a note, dated May 11, 1818, for £31 4s 0d; equal to $124 80.

4. *Insimul computasset.*

5. Money had and received—goods sold.

Oyer being prayed by the defendant—in support of his declaration, the plaintiff produced the following instrument:

" Before the undersigned, notaries public, residing in the city of Quebec, in the Province of Lower Canada, personally appeared Mr. Germain Cloutier, mariner, who acknowledged to be well and truly indebted unto Mr. Isaac Hitchcock, merchant, present and accepting hereof, that is to say, the sum of thirty-one pounds, four shillings, current money of Quebec, for value received in cash by the said Germain Cloutier, and the balance of an account, with

CHITTENDEN,
January,
1835.

Hitchcock
vs.
Cloutier.

which the said Germain Cloutier is satisfied; which sum of thirty-one pounds, four shillings, the said Germain Cloutier obliges himself to pay the said Isaac Hitchcock, or to his order or attorney, on his first demand, with interest from the day of the date hereof.

Done and passed at Quebec, in the office of Archibald Campbell, the eleventh of the month of May, 1818. And the said Isaac Hitchcock has signed with us. The said German Cloutier, being requested to do the same, declared that he did not know how to write.

These presents being duly read,

SIGNED,

1. HITCHCOCK,

GERMAIN ⋈ CLOUTIER.
his     mark.

B. FARIBAULT, *N. P.*

ARCHIBALD CAMPBELL, *Not. Pub.*"

Plea was, first, non-assumpsit and joinder.

2. Non-assumpsit, *infra sex annos.*

3. That cause of action, as specified in either of the counts, did not accrue within six years.

*Replication.*—" That the plaintiff ought not to be barred, because he says that the said writing, upon which he has declared against the defendant, was executed in the presence of two witnesses, called for that purpose, to wit: in the presence of B. Faribault and Archibald Campbell; and that said Faribault and Campbell, at the time of the execution of said writing, attested the same as witnesses, and then and there personally signed their names as witnesses to the execution of said paper by said defendant."

To this replication there was a general demurrer and joinder.

The county court decided the replication insufficient, and that decision comes here for revision.

*Allen and Hill, in support of the demurrer,* insisted, 1. That the instrument declared upon was not a promissory note, and that the replication was therefore insufficient.

2. That the notaries before whom the instrument was acknowledged, did not sign as witnesses.

*Mr. Adams contra.*—If the paper on which plaintiff declares *is a note,* the suit is not barred.

A note is a written promise for the payment of money.—Bagley on Bills, 1. 3 Kent's Com. 74.

The form of writing is immaterial.—Chitty on Bills, 260—Idem, 37. 3 Kent's Com. 75. *Chadwick* vs. *Allen,* Str. 706. 8 Mod. 362.

CHITTENDEN,
January,
1835.
————
Hitchcock
vs.
Cloutier
The paper recites the consideration in the usual form of a note, *for value received.* It contains a direct promise to pay. The promisor *obliges himself to pay* a certain sum in money, *thirty-one pounds,* absolutely, without limitation or condition.

It has still further qualities of a note. It is payable *on demand* and *with interest;* and, as if to put the matter beyond all doubt, it is made payable to the plaintiff, *or his order.* It contains every imaginable particular that any note can contain.

If the paper contains a promise to pay money, it is a note; and whether expressed in the laconic style of *I O U,* or *Good to A.B.,* or in the prolix, form of *Chadwick* vs. *Allen,* it is equally good.

The statute of III and IV Anne was said to be a remedial law, and to be favorably construed.—Raymond, Ch. J., 8 Mod. 362. Courts in Vermont have acted on this principle; for without a liberal construction, our cattle notes, &c. could not be considered as *notes.*

Our construction of the paper is not opposed by the fact, that it is signed by both parties. It is not a contract, as the phrase is used in common parlance, as there is no undertaking on the part of Hitchcock, nor any right acquired by Cloutier. Why his name is added, is not perceivable, unless it be to show that the note was received in payment of the previous claims. The name of the payee on the face of the note cannot vary the legal effect of the undertaking, any more than his endorsement on the back.

The note is not merged in a security of a higher kind by its execution in the presence of two notaries. In some States, a seal is added to a note, and the effect will be to create a greater lien on the maker's property. That is one object in Canada. Another is the greater facilities of proof, as notarial copies are every where received. But, whatever the intention, or whatever the effect, the contract remains the same. It would be a solecism, that a contract, executed for greater solemnity before a notary, should be merged at the moment of its execution.

If the obligation is merged, the notarial act is judicial, and the plea of the statute of limitations of six years is bad. If not merged, and it is not a note; then, as a contract, the statute would not begin to run until a demand.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The declaration consists of five counts, one of which is on a promissory note, to which there is a plea of the statute of limitations. The replication to this plea was adjudged

insufficient by the county court. The pleadings present this ques-
tion : whether the instrument declared on was a promissory note.
The period of limitation, on notes attested by one' or more witnes-
ses, is fixed by the statute at fourteen years from the time the cause
of action accrues thereon. The more correct way of presenting
this question would have been, for the defendant to have traversed
the replication, and objected to the instrument when offered in ev-
idence; as no profert is ever made of an unsealed written instru-
ment, nor is oyer demandable. Inasmuch as no question of this
kind has been presented, and the instrument is set forth in the plea,
we can as well determine whether it is a promissory note, as we
could if the question had been raised in a different manner.

No precise form of words is necessary to constitute a promissory
note. A promise to be accountable, or to be responsible, for a sum
of money, absolutely, has been held to be a promissory note.—
*Morris* vs. *Lee*, 1 Stra. 629. In the case of *Chadwick* vs. *Allen*,
1 Stra. 706, an instrument, in the following words, was held to be
a promissory note, within the statute of Anne :

" I do acknowledge, that Sir Andrew Chadwick has delivered
me all the bonds and notes, for which £400 was paid him, on ac-
count of Col. Synge; and that Sir Andrew delivered me Major
Graham's receipt, and bill on me for £10, which £10 and £15 5*s*
balance, due to Sir Andrew, I am still indebted and do promise to
pay."

In this State, although to constitute a negotiable promissory note,
it is necessary that it should be payable in money absolutely, yet
we have always treated contracts in the form of promissory notes,
whether for the payment of money or of specific articles, or even
for the performance of services to a certain amount, as promissory
notes, and declared on them as such.—*Brooks* vs. *Page*, 1 D.
Chip. Rep. 340. I believe there never has been a doubt, that
such contracts, if attested by one or more witnesses, were embra-
ced in the section of the statute of limitations before referred to,
which extends the time of limitation to actions on promissory notes
attested, to the period of fourteen years.

On an examination of the contract in question, as stated in the
papers before us, the instrument purports to be for the considera-
tion usual in promissory notes, " value received." It is a direct
promise to pay : " which sum, &c. the said Germain Cloutier
obliges himself to pay to the said Isaac Hitchcock, or to his order,
on his first demand, with interest from the date hereof." It is
signed by the said Germain Cloutier, or he has affixed his mark

4

CHITTENDEN,
January,
1835.

Hitchcock
vs.
Cloutier

thereto. It appears to have been done in the presence of two persons, who have signed their names in the place where attesting witnesses to instruments usually place their names, and who are averred, in the replication, to have attested the same as witnesses to the execution thereof. The signature of the plaintiff to the instrument can have no effect, either to alter or explain the nature of the instrument; as there is no contract or undertaking on his part, and it is added, probably, conformable to some law or practice in the Province of Canada. We do not know, from any thing which has been presented to us, that a contract of any nature, when acknowledged or recognized before a notary public, in the Province of Canada, is merged in a security of a higher nature, or becomes a debt of record. This acknowledgment may afford greater facilities of proving the instrument, or it may create some lien on the estate of the debtor; but I apprehend, that a suit on this contract, in the common law courts of that country, must be, as here, an action of assumpsit.

We are satisfied, that the instrument in question can be considered only as a promissory note; and as the replication alleges, that it was attested by two or more witnesses, it afforded a sufficient answer to the plea of the statute of limitations. Whether the plaintiff can make proof of the instrument without producing it on the trial, is not a question now before us. The judgment of the county court must be reversed, and judgment entered, that the replication is sufficient; and as there has been no trial had on the general issue joined to the country, the cause must be remanded to the county court for the trial of that issue.